IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PAUL DAWSON**, | Case No. 6:20-cv-00698-IM |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **BRANDON KELLY**, Superintendent, Oregon State Penitentiary, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Petitioner Paul Dawson ("Petitioner"), an individual in custody at Oregon State Penitentiary, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 ("Section 2254"). Because Petitioner's habeas petition is barred by the applicable one-year statute of limitations, and because there is no basis for statutory or equitable tolling such that the petition may be rendered timely, the Court denies the Petition for Writ of Habeas Corpus (ECF No. 1) and denies a certificate of appealability.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

In 2009, a Lane County jury convicted Petitioner of one count each of Rape in the First Degree, Unlawful Sexual Penetration in the First Degree, Sexual Abuse in the First Degree, Robbery in the First Degree, Assault in the Second Degree, and Identity Theft. (Resp't Exs. (ECF No. 23), Ex. 101.) In a separate proceeding, the trial court sentenced Petitioner to a custodial term of 330 months. (Resp't Ex. 103 at 516-518.[1])

Petitioner appealed, raising a single claim of trial court error based on state law. (Resp't Ex. 104 at 9.) The Oregon Court of Appeals affirmed without opinion, *State v. Dawson*, 247 Or. App. 623 (2012), and on April 19, 2012, the Oregon Supreme Court denied review. *State v. Dawson*, 351 Or. 761 (2012).

Petitioner signed a *pro se* petition for postconviction relief ("PCR") on January 22, 2013,[2] asserting that his trial attorney had been constitutionally ineffective in several respects. (Resp't Ex. 109.) The Malheur County Circuit Court appointed counsel, who filed an amended PCR petition on Petitioner's behalf. (Resp't Ex. 110.) The defendant then moved to dismiss the amended petition, arguing that Petitioner had "failed to allege ultimate facts sufficient to constitute a claim and . . . failed to satisfy the pleading requirements of [Oregon Revised Statute ("ORS")] 138.580, which requires that 'records or other documentary evidence supporting the allegations of the petition shall be attached to the petition.'" (Resp't Ex. 111 at 1.)

---

[1] When citing Respondent's Exhibits, the Court refers to the exhibit page numbers located in the lower right corner of each exhibit.

[2] Under the "mailbox rule," a pro se individual in custody's state petition for collateral relief "is deemed filed at the moment [he] delivers it to prison authorities for forwarding to the clerk of the court[.]" *Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003).

The PCR court granted defendant's alternative remedy and ordered Petitioner to make his claims more definite and certain in an amended pleading. (Resp't Ex. 119.) In response, PCR trial counsel withdrew the amended petition in favor of Petitioner's original *pro se* PCR petition. (Resp't Exs. 120, 122.) PCR trial counsel also provided an affidavit pursuant to ORS 138.590(5)[3] in which he stated that based on his review of the *pro se* petition and underlying materials, his consultations with Petitioner, and his consultations with Petitioner's trial counsel, he could not certify that any claims were viable. (Resp't Ex. 121.) The defendant again moved to dismiss for failure to state a claim. (Resp't Ex. 123.) After a brief hearing at which PCR trial counsel represented Petitioner, the PCR court entered a general judgment on June 16, 2015, granting defendant's motion and dismissing the petition, with prejudice. (Resp't Ex. 126.)

Petitioner appealed the PCR court's judgment of dismissal. Upon review, the Oregon Court of Appeals determined that it was unclear whether the PCR court had "dismissed the petition for failure to state a claim or, instead, on the different ground that it did not comply with the attachment requirement of ORS 138.580." *Dawson v. Nooth*, 289 Or. App. 839, 841 (2018). The appellate court noted the jurisdictional import of this distinction, explaining that a "judgment dismissing a post-conviction petition for failure to state a claim is, as a matter of law, a judgment dismissing the petition as 'meritless,' and is not appealable[,]" whereas a "judgment dismissing a post-conviction petition on a different ground . . . is appealable even if the post-conviction court mistakenly characterizes that ground as failure to state a claim." *Id.* at 840 (citations omitted).

---

[3] ORS 138.590(5) provides that if an appointed postconviction attorney determines that the postconviction petition filed by a petitioner is defective and cannot be amended to state a ground for relief, "counsel shall . . . inform the petitioner and notify the circuit court of counsel's belief by filing an affidavit stating the belief and the reasons therefor[.]"

The Oregon Court of Appeals thus vacated the judgment of dismissal and remanded to the PCR court to clarify its ruling. *Id.* at 841.

The PCR court entered an amended judgment on May 21, 2018, stating that Petitioner had failed to state a claim for relief and dismissing the petition. (Resp't Ex. 132.) Petitioner's PCR petition therefore was dismissed as "meritless" under ORS 138.525(2),[4] and thus was not appealable. *See Young v. Hill*, 347 Or. 165, 170-71 (2009) (explaining that "[PCR] petitions that fail to state a claim are meritless, and a judgment dismissing a [PCR] petition as meritless is not appealable").

Petitioner nevertheless sought and was granted leave to file a delayed notice of appeal. (Resp't Exs. 134, 135.) PCR appellate counsel, recognizing the procedural difficulties faced by Petitioner, filed an "Amended Motion to Determine Jurisdiction," arguing, among other things, that ORS 138.525(3)'s jurisdictional bar did not foreclose review because the PCR court had erroneously determined that the PCR petition failed to state a claim. (Resp't Ex. 136 at 13-14.) The Oregon Court of Appeals rejected Petitioner's arguments and dismissed the appeal. (Resp't Exs. 136, 138.) Petitioner sought reconsideration but was denied. (Resp't Ex. 139 at 25.) Petitioner also filed a petition for review in the Oregon Supreme Court, but it, too, was denied. (Resp't Exs. 139, 140.) The appellate judgment issued on May 31, 2019. (Resp't Ex. 141.)

On April 22, 2020,[5] Petitioner filed a *pro se* Petition for Writ of Habeas Corpus raising four grounds for relief:

---

[4] Under ORS 138.525(2), a "'meritless petition' means one that, when liberally construed, fails to state a claim upon which post-conviction relief may be granted." A judgment dismissing a meritless petition is not appealable. ORS 138.525(3).

[5] April 22, 2020 is the date on which Petitioner signed the Petition and presumably handed it to prison officials for mailing. *See Campbell v. Henry*, 614 F.3d 1056, 1058-59 (9th Cir. 2010) (explaining that under the mailbox rule, a *pro se* habeas petition "is deem filed when

**Ground One:** Was not read Miranda Rights and was taking heavy psychological medication during interrogation. A 14th [and] 16th Amendment violation under the United States Constitution (USCA).

**Supporting Facts:** When I was called to meet detectives, they specifically said we aren't going to read you your rights because you are already in jail, but I was in jail for a probation violation unrelated to the questioning. New evidence would be — There is no recording or proof of Miranda Rights being read. — Also, I was on heavy doses of Trazadone and other medications during questioning. This is a clear violation of my 14th Amendment right to Due Process under the USCA. Also, the 6th Amendment of the USCA my counsel was ineffective in raising these issues.

**Ground Two:** Sentencing was unlawful in respect to the upward departure and consecutive sentencing. A 6th [and] 14th Amendment violation under the USCA.

**Supporting Facts:** While on post-prison supervision for a crime of Robbery 3, which I never went to prison for, this was used as an aggravating factor for unlawful reasons to enhance Count 2. Count 2 had nothing to do with robbery but used Count 1 to also enhance grid placement so Count 2 would carry 200 months instead of 100. I was also never told that a consecutive sentence would occur. My attorney told me the worst case was 113 months. I got 330 months. The upward departure [and] consecutive sentence were never explained to me.

**Ground Three:** I was never given an investigation or psychological evaluation which was supposed to be handled by my trial counsel which violates my 14th Amendment.

**Supporting Facts:** While in county jail my trial counsel kept saying he would conduct an investigation which would help me prove I knew the alleged victim, that I had been a victim of similar crimes at a young age and that I was not with her during the night in question. No investigator ever came and I was never given a psych eval. This would have helped me find favor in the jury for a nonguilty verdict.

**Ground Four:** My trial counsel failed to impeach witness and victim testimony and changing statements from police reports to testimony in violation of 6th, 14th Amendment rights under the USCA.

**Supporting Facts:** Victim stated over course of multiple police reports that she was never sexually assaulted purse was taken by force was only complaint. Over a period of time victim said she doesn't remember if any sexual assault occurred. The upward departure came from a digital penetration that there was no report of or testimony of except to say that an assailant 6 foot 5 inserted fingers. I am 5 foot 9 which she did say an assailant 5 foot 8 took her purse which would be my

---

[and individual in custody] hand[s] it over to prison authorities for mailing to the relevant court").

PAGE 5 – OPINION AND ORDER

height. This is a clear change of story and easy way for the DA to put a black man in prison for crimes he didn't commit knowing the appeal system would comply.

(Pet. (ECF No. 1), at 6-7.) Respondent urges the Court to deny habeas relief because Petitioner failed to file the Petition within the statute of limitations. (Resp. to Pet. (ECF No. 21), at 4.) Petitioner argues in response that the Petition timely was filed, and that even if it were not, he is entitled to equitable tolling such as to render the Petition timely. (Pet'r's Br. (ECF No. 48),

## DISCUSSION

### I.    The One-Year Statute of Limitations

#### A.    Legal Standards

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year statute of limitations applies to a petition for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Unless otherwise tolled or subject to delayed accrual, the limitations period commences when the judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of direct review includes the ninety-day period within which a petitioner can petition for writ of certiorari with the United States Supreme Court, whether he files such a petition. *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

The limitations period is statutorily tolled during the pendency of a "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). A properly filed application remains "pending until it has achieved final resolution through the State's post-conviction procedure." *Biggs v. Duncan*, 339 F.3d 1045, 1047-48 (9th Cir. 2003) (quoting *Carey v. Saffold*, 536 U.S. 214, 220 (2002)) (internal quotations omitted). The limitations period is not tolled, however, "from the time a final decision is issued on direct state

appeal [to] the time the first state collateral challenge is filed." *Grant v. Swarthout*, 862 F.3d 914, 918 (9th Cir. 2017) (quoting *Roy v. Lampert*, 465 F.3d 964, 968 (9th Cir. 2006)).

### B.    Analysis

Petitioner's direct appeal proceedings became final when the ninety-day period to petition the U.S. Supreme Court for certiorari expired on July 18, 2012. Petitioner then signed his PCR petition on January 22, 2013, tolling the AEDPA's statute of limitations. Between July 18, 2012, and January 22, 2013, 188 days accrued.

On May 21, 2018, the PCR court dismissed the petition as meritless, rendering it unappealable. The parties agree that the AEDPA's statute of limitations was tolled from the date Petitioner signed his initial PCR petition on January 22, 2013, until the PCR court's dismissal in May 2018. Given that the dismissal was not appealable under Oregon law, however, Respondent argues that Petitioner's subsequent state-court filings seeking to secure postconviction relief through the appellate process were not "properly filed" under 28 U.S.C. § 2244(d)(2) to continue tolling the statute of limitations. (Resp. to Pet. at 4.) Respondent thus asserts that another 702 days accrued before Petitioner filed his federal habeas petition on April 22, 2020, resulting in 890 days having elapsed before Petitioner sought habeas relief, far exceeding the 365 days permitted under the AEDPA. (Resp't Reply (ECF No. 62), at 3.) Petitioner maintains that his PCR appellate filings did, in fact, toll the one-year statute of limitations. (Pet'r's Br. at 8-13.)

The Ninth Circuit previously addressed in *Ramirez v. Yates*, 571 F.3d 993 (9th Cir. 2009) whether an appeal from a non-appealable judgment is "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2). In that case, Ramirez had sought collateral relief from a criminal judgment by filing a coram nobis petition in state court. The California Superior Court denied relief, concluding that Ramirez had failed to proceed with due diligence in waiting almost twenty years

PAGE 7 – OPINION AND ORDER

to bring a collateral challenge. *Id.* at 999. Ramirez appealed, but the California Court of Appeal "concluded that [t]he challenged ruling is not appealable because the underlying petition failed to state a prima facie case for relief." *Id.*

In reviewing the timeliness of Ramirez's federal habeas petition, the Ninth Circuit concluded that the petitioner's coram nobis petition had been "properly filed," and thus tolled the AEDPA's statute of limitations under 28 U.S.C. § 2244(d)(2), because "California's [state law] requirement to show 'due diligence' [was] plainly 'a condition to obtaining relief and not 'a condition to filing.'" *Id.* (citing *Artuz v. Bennett*, 531 U.S. 4, 10 (2000)). The Ninth Circuit also concluded, however, that "[b]ecause the denial of the writ [of coram nobis] was determined to be not appealable in this case, [the petitioner's] *appeal* was not properly filed and the pendency of the appeal did not toll the limitations period." *Id.* (emphasis added).

Like Mr. Ramirez, Petitioner filed a collateral challenge to a state-court judgment. The initial filing, his PCR petition, was properly filed and tolled the AEDPA's statute of limitations from January 22, 2013, when he signed the petition, to May 21, 2018, when the PCR court dismissed the petition. The nature of that dismissal, however, rendered the resulting judgment unappealable under Oregon law. Rather than proceeding directly to federal court, Petitioner spent the next 375 days unsuccessfully arguing to the Appellate Commissioner, the judges of the Oregon Court of Appeals, and the Oregon Supreme Court that his appeal was not barred by ORS 138.525(3). Under *Ramirez*, Petitioner's PCR appeals—taken from the PCR court's unappealable decision denying Petitioner collateral relief—were not properly filed to toll the AEDPA's statute of limitations.[6]

---

[6] The Court notes that even after the PCR appellate judgment issued on May 31, 2019, another 327 days passed before Petitioner filed his habeas petition on April 22, 2020. Thus, even

Although Petitioner tries to distinguish *Ramirez* by arguing that it "involved an application of California law to complicated facts and multiple and successive petitions[,]" (Pet'r's Br. at 15-16), such distinctions are irrelevant to the question presented: "where a state court issues an unappealable judgment (as determined by state law) stemming from a collateral challenge to a criminal conviction, does a subsequent filing in a state appellate court constitute a proper filing so as to toll the AEDPA's statute of limitations pursuant to 28 U.S.C. § 2244(d)(2)?" *Benjamin v. Kelly*, Case No. 6:19-cv-00259-JE, 2021 WL 1235128, at *5 (D. Or. Jan. 28, 2021), *findings and recommendation adopted as modified*, 2021 WL 1234586, at *1 (D. Or. Apr. 1, 2021). *Ramirez* clearly holds that it does not.

This reading of *Ramirez* tracks the Ninth Circuit's recent decision in *Almanza-Garcia v. Amsberry*, 838 F. App'x 301 (9th Cir. 2021). Like Petitioner, Almanza advanced a "properly filed" PCR petition in Oregon state court, which ultimately was dismissed for failing to state a claim for relief. Almanza then unsuccessfully appealed the state court's denial of relief, later arguing that the AEDPA's statute of limitations was tolled throughout his appeal. The Ninth Circuit flatly rejected this argument, explaining:

> This court has held that a petitioner is not entitled to tolling during the pendency of an appeal from a non-appealable order because such an appeal is not a "properly filed" application for post-conviction relief. *Ramirez v. Yates*, 571 F.3d 993, 999 (9th Cir. 2009). Here, the order Almanza attempted to appeal was non-appealable because under Oregon law, "a judgment dismissing a meritless petition is not appealable," and a meritless petition is defined as one that "fails to state a claim upon which post-conviction relief may be granted. Or. Rev. Stat. § 138.525(2), (3).

---

if statutory tolling applied during Petitioner's PCR appeal, Petitioner's habeas petition still would be untimely, with 515 days having elapsed before filing.

*Almanza-Garcia*, 838 F. App'x at 302. Petitioner nevertheless urges this Court to disregard *Almanza-Garcia* as non-binding precedent, but as Respondent points out, the Ninth Circuit's decision in *Almanza-Garcia* addresses the identical circumstances at issue and rests squarely on *Ramirez*, which is binding on this Court. Petitioner's arguments to the contrary are unpersuasive.

As explained above, Petitioner's appeal of the judgment dismissing his PCR petition was not "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2) because the Oregon appellate courts lacked jurisdiction to consider it. The AEDPA's one-year statute of limitations thus was not statutorily tolled during Petitioner's PCR appeal. Because Petitioner took more than 365 days to file his habeas petition, it is untimely and must be denied unless equitable tolling applies.

## II.    Equitable Tolling

### A.    Legal Standards

The one-year limitations period may be tolled upon a showing "'(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Rudin v. Myles*, 781 F.3d 1043, 1054 (9th Cir. 2014). Equitable tolling is "a flexible, fact-specific" inquiry. *Gibbs v. Legrand*, 767 F.3d 879, 885 (9th Cir. 2014). The threshold to trigger equitable tolling is "a very high bar, and is reserved for rare cases." *Yeh v. Martel*, 751 F.3d 1075, 1077 (9th Cir. 2014); *see also Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003) (noting that equitable tolling "is justified in few cases"). A petitioner thus "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" *Rudin*, 781 F.3d at 1055 (quoting *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010)).

///

PAGE 10 – OPINION AND ORDER

B.    **Analysis**

Petitioner asks the Court to equitably toll the statute of limitations because his PCR trial attorney "effectively abandoned him" and his PCR appellate attorney incorrectly advised him that it was necessary to exhaust state remedies if Petitioner wished to pursue federal habeas relief. (Pet'r's Br. at 15-16.) Petitioner argues that he was prevented from timely filing because neither his postconviction trial attorney nor his postconviction appellate attorney advised him that "his appeal, which the State and state appellate courts treated as though it complied with Oregon filing rules, might not toll the statute of limitations" under the AEDPA. (*Id.* at 15.)

"Equitable tolling may be warranted in instances of unprofessional attorney behavior[.]" *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011) (citing *Spitsyn*, 345 F.3d at 800-02). "[H]owever, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Id.* (citing *Holland*, 560 U.S. at 651-52). Only where an attorney's "acts or omissions . . . transcend garden variety negligence and enter the realm of 'professional misconduct'" may extraordinary circumstances exist, provided "the misconduct is sufficiently egregious." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (simplified); *see also Doe*, 661 F.3d at 1012 (explaining that an attorney's misconduct must be "a *sufficiently egregious* misdeed like malfeasance or failing to fulfill a basic duty of client representation" to warrant equitable tolling) (simplified). Equitable tolling is unavailable when an attorney's "inaction had no effect on the timeliness" of the petitioner's federal habeas filing. *United States v. Buckles*, 647 F.3d 883, 890 (9th Cir. 2011).

Petitioner alleges his PCR trial counsel "effectively abandoned" him but fails to argue or explain with any specificity how PCR trial counsel's conduct amounts to abandonment. Indeed, the Court's review of the record reveals that PCR trial counsel actively represented Petitioner

throughout his trial level PCR proceedings. Although PCR trial counsel informed the court that he felt the PCR petition did not, and could not, state a claim, he was required to do so under ORS 138.590(5), and his adherence to that statute does not constitute abandonment. Even if it did, however, Petitioner provides no argument or evidence that PCR trial counsel's alleged abandonment was the cause of his untimely filing in federal court. *See Allen v. Lewis*, 255 F.3d 798, 800 (9th Cir. 2001) (explaining that the "extraordinary circumstance" asserted must be both "the but-for and proximate cause of [the petitioner's] untimeliness"). Petitioner therefore is not entitled to equitable tolling based on PCR trial counsel's conduct.

Petitioner also alleges that his PCR appellate counsel gave him erroneous advice that prevented him from timely filing his habeas petition. In support of this claim, Petitioner submits various letters exchanged with PCR appellate counsel, (Pet'r's Br., Exs. A-I), claiming that such correspondence "clearly shows his desire to properly exhaust his claims in anticipation of federal habeas and counsel's advice as to what he must do, which came with an admonition to not listen to others." (Pet'r's Br. at 16.)

This Court finds Petitioner's evidence unpersuasive. The letters, which were exchanged between Petitioner and PCR appellate counsel between January 26, 2017—while the statute of limitations was statutorily tolled—and May 24, 2018—three days after the limitations period began running again—at most, might suggest a garden variety claim of excusable attorney mistake. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2001) (holding that an attorney's miscalculation of the AEDPA's limitations period and "his negligence in general" did not constitute extraordinary circumstances to warrant equitable tolling). Though PCR appellate counsel did indeed advise Petitioner that he needed to exhaust his state remedies if he wished to seek habeas relief, (Pet'r's Br., Ex. I), such advice is not incorrect on its face, and "Petitioner

provides no authority for the proposition that a state PCR [appellate] attorney is obligated to advise a client regarding the AEDPA's statute of limitations." *Sumner v. Steward*, No. 3:14-cv-00627-HZ, 2015 WL 1609398, at *3(D. Or. Apr. 6, 2015).

Nor has Petitioner established that he diligently pursued his rights. Although Petitioner wrote to PCR appellate counsel asking for clarification about the appellate process and the requirements for "going to federal[,]" (Pet'r's Br., Ex. C), PCR appellate counsel advised Petitioner as early as September 18, 2017 that he could draft and file a protective habeas petition, explaining that "[t]he federal court could . . . either allow the petition or hold it in abeyance pending the outcome" of his appeal. (Pet'r's Br., Ex. D.) Petitioner did not file a protective petition or otherwise seek more information on how to do so. Indeed, Petitioner did not file the instant petition until almost a year after the PCR appellate judgment issued in this case, and he does not explain the delay. Petitioner therefore is not entitled to equitable tolling based on PCR appellate counsel's conduct.

## III.    Evidentiary Hearing

In the alternative, Petitioner requests an evidentiary hearing to "adequately develop the record of the underlying facts, which the state PCR court failed to do." (Pet'r's Br. at 2.) The Court finds the record is sufficiently developed to resolve the issues before it and denies the Petitioner's request for an evidentiary hearing. *See Griffin v. Johnson*, 350 F.3d 956, 966 (9th Cir. 2003) (holding that an evidentiary hearing is not warranted when the petitioner fails to establish that the hearing would produce evidence that is more reliable or probative than that already before the court).

///

///

## <u>CONCLUSION</u>

For the reasons stated, the Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1), and DISMISSES this proceeding, with prejudice. Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this ___4th___ day of January, 2023.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge